STATE *ex rel.* TOBIN, COMMISSIONER, *v.* INDEPENDENT LIFE INS. CO. OF AMERICA *et al.*

(*Nashville*, December Term, 1938.)

Opinion filed March 4, 1939.

324

WALKER & HOOKER, of Nashville, for Joseph S. Tobin, Receiver.

EDMOND J. WALSH, of Nashville, for Third National Bank.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The principal case is an insolvent proceedings against defendant Life Insurance Company and the case comes before us on appeal from a decree of the chancellor rendered upon an intervening petition of the Third National Bank of Nashville. The question presented is as to the right of the Bank to subject certain collateral securities in its hands to the full payment of a claim it has against the Insurance Company. The chancellor held that the Bank was only entitled to a *pro rata* payment of its claim along with other creditors and could hold the collateral only so far.

One Hertzka had a policy of insurance in defendant Life Insurance Company, payable to his wife. On February 3, 1933, Hertzka and his wife assigned this policy to the Bank to secure a loan. Notice of this assignment was given to the Insurance Company.

The policy matured on November 16, 1934. Hertzka has failed to pay his indebtedness to the Bank, which the policy was assigned to secure.

On March 31, 1933, the Bank made a loan to the Insurance Company and that Company deposited with the Bank certain bonds as collateral security. Some months later, at the suit of the Insurance Commissioner, a receiver was appointed to wind up the affairs of the Insurance Company, that Company proving to be insolvent. On August 22, 1934, the receiver paid off the Insurance Company's loan but the Bank retains, and claims the right to retain, certain of the bonds pledged to ·it by the Insurance Company for the loan aforesaid, to secure the payment in full of the amount due on the Hertzka policy.

The collateral note which the Insurance Company executed to secure the loan on March 31, 1933, and all renewals of this note contained the following provision:

"This pledge is made to secure all sums of money for which the undersigned may now or hereafter be liable to the said Bank, either jointly or severally or with other parties, directly or contingently, and as principal, surety, guarantor, assignor, indorser, or otherwise."

The Insurance Company being indebted to the Bank on the Hertzka policy as above stated, when it executed this collateral note for the loan on March 31, 1933, the securities thereby pledged, under the provisions of the note, became likewise securities pledged for the payment of the debt of the Insurance Company to the Bank represented by the policy of insurance. *Fourth National Bank* v. *Stahlman,* 132 Tenn., 367, 394, 178 S. W., 942, L. R. A., 1916A, 568.

The argument made to sustain the chancellor's decree is that the Bank as assignee of this insurance policy

stands in the shoes of Hertzka; that if the policy had not been pledged, Hertzka could only recover his *pro rata* of the amount due upon the policy; and that the Bank's recovery must be limited to a like extent.

■ The Bank, however, only stands in Hertzka's shoes as to equities existing at the time of the assignment, not as to equities that subsequently arose. *Taylor v. Deakins,* 77 Tenn. (9 Lea), 520. In other words, while upon Hertzka's assignment of the policy to the Bank, it became merely a contract creditor of the Insurance Company, by later negotiations between the Bank and the Insurance Company, the Bank became a secured creditor of the Company.

■ After notice of the assignment by the Bank to the Insurance Company, title to the benefits of this policy vested in the Bank. *Clodfelter* v. *Cox,* 33 Tenn. (1 Sneed), 330, 60 Am. Dec., 157; *Peters et al.* v. *Goetz,* 136 Tenn., 257, 258, 188 S. W., 1144.

As a creditor of the Insurance Company, the Bank had the right to demand and to obtain collateral security for the Company's indebtedness to it. Such was the effect of the transaction between the Bank and the Insurance Company on March 31, 1933, when the Company deposited the bonds with the Bank as collateral to secure that loan and other indebtedness to the Bank.

There has been much discussion as to the doctrine of equitable set-off and its applicability. We find consideration of this unnecessary. The case before us is merely one where the creditor of an insolvent concern, holding collateral to secure its claim, seeks to enforce its lien on such collateral. The insolvency of the debtor offers no obstacle to such a course.

The decree of the chancellor will be reversed and a decree here entered for petitioner Third National Bank.